IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WILLIE HESTER, JR., by his
next friend and mother, JOYCE
D. HESTER, AND JOYCE D.
HESTER,

      Plaintiffs,

v.                                                         No. 06-2407 B

CITY OF MEMPHIS, MEMPHIS
POLICE OFFICER KENNETH
LOWE, MEMPHIS POLICE
OFFICER BRODY WIGGINS,
MEMPHIS POLICE OFFICER
BENNY WASHINGTON, MEMPHIS
POLICE OFFICER P. HUTCHISON,
COUNTY OF SHELBY, MARK
LUTTRELL, in his official capacity as
Sheriff of Shelby County and JOHN
DOE 1-10,

      Defendants.

___

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO
DISMISS
___

      The Plaintiffs, Willie Hester by his next friend and mother Joyce Hester and Joyce Hester, have sued the Defendants Shelby County, City of Memphis, Memphis Police Officers Kenneth Lowe, Brody Wiggins, Benny Washington, P. Hutchison, and Shelby County Sheriff Mark Luttrell, alleging that they violated Willie Hester's constitutional right to due process by using excessive force and by not providing him proper medical care. The Plaintiffs also brought claims under state law and for punitive damages. Before the Court is the motion to dismiss of Defendants City of

1

Memphis, Lowe, Wiggins, and Washington[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 12(b)(6).  The Plaintiffs have responded and this motion is now appropriate for disposition.  For the reasons set forth below, the motion to dismiss is GRANTED in part and DENIED in part.

## BACKGROUND

The Plaintiffs have alleged the following in their complaint.  Willie Hester Jr. is an adult resident of Memphis and has been diagnosed with various mental illnesses.  (Compl. ¶ 1).  On July 4, 2005, Hester was walking with a friend when Officer Lowe approached him and noticed he "had a handgun in his belt."  (Compl. ¶ 13).  Lowe ordered Hester to "lie down on the ground," but he did not comply, prompting Lowe to call for back-up.  (Id.).  During the ensuing standoff, Hester at some point, pointed the gun at his own head before returning it to his waistband.  (Compl. ¶ 14).  Immediately before he was shot, Hester acted agitated with his hands raised "in the air," but he was not holding the gun.  (Compl. ¶ 16).  Defendants Lowe, Wiggins, and Washington then shot Hester a total of twenty-one times.  (Id.).

## STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted.  See Fed. R. Civ. P. 12(b)(6).  The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations

---

[1]When the Memphis police officers filed their motion, officer P. Hutchison was not included as a movant. On February 23, 2006, the officers submitted an amended motion to dismiss which included Hutchison. However, the time for response to the amended motion has not passed and therefore, the Court will consider that officer's motion at the appropriate time. See L.R. 7.2(a)(2), Local Rules of the U.S. Dist. Ct. for the W. Dist. Tenn. (providing thirty days to respond to a motion to dismiss).

as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

## ANALYSIS

Defendants Lowe, Wiggins, and Washington contend that the suit against them in their official capacities should be dismissed because it is in essence the same as a suit against their employer, the City of Memphis. The police officers further contend that the Plaintiffs fail to allege any claims against them in their individual capacity. Specifically, these Defendants argue that the complaint is deficient in providing them notice of any possible allegations against them individually. They therefore assert that a dismissal of the claims against them in their official capacity would result in their complete dismissal from this lawsuit.

Defendant City of Memphis claims that the Plaintiffs' complaint fails to state a claim against it because it does not sufficiently allege a policy or custom of the City which contributed to Hester's injuries. The City argues that the Plaintiffs' allegations as to policy and custom are merely conclusory and therefore insufficient. The municipal Defendant also seeks dismissal of the Plaintiffs' claims for outrageous conduct and punitive damages.

In their response², the Plaintiffs state as follows:

> 1. The Complaint does state a claim for all acts alleged against all parties pursuant to 42 U.S.C. § 1983, and the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.
> 2. The Complaint does state a claim against the governmental entities for the acts of the individual Defendants under state law as stated in the Complaint.

(Pls.' Consolidated Resp. to Defs.' Mot. to Dismiss ¶¶ 1-2). The Court notes, however, that the Plaintiffs have not addressed the contention of Lowe, Wiggins, and Washington that there are no individual capacity claims against them in the complaint. See supra at 3 n.1.

I.  Federal Claims.

    A.  Section 1983 Generally.

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983. In order to prevail on such a claim, a section 1983 plaintiff must establish "(1) that there was the deprivation

---

²The Plaintiffs' pleading entitled "Consolidated Response to Defendants' Responsive Pleadings," contains, in six numbered paragraphs covering one and one-half pages, their entire answer to the instant motion as well as their response to the motion to dismiss of Defendants County of Shelby and Mark Luttrell and the motion to dismiss of Defendants P. Hutchison, Kenneth Lowe, Brody Wiggins, and Benny Washington based on qualified immunity. The Court notes the Plaintiffs' consolidated response was filed approximately three and one-half months after its original due date pursuant to this Court granting Plaintiffs' counsel two separate extensions of time. See, e.g., L.R. 7.2(a)(2), Local Rules of the U.S. Dist. Ct. for the West. Dist. of Tenn. (providing thirty days to respond to a motion to dismiss). In his second motion, counsel for the Plaintiffs stated that because of the complexity of the Defendants' motions, he needed "more time . . . [for] research and investigat[ion]." (Pl.'s Second Mot. for Extension of Time to Respond ¶ 3). The Plaintiffs' consolidated response, however, is completely devoid of any citation to legal authority in opposition to the Defendants' arguments. Rather, the document consists of conclusory paragraphs which do not, in any meaningful way, respond to the positions of the Defendants in their motion.

4

of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." Wittstock, 330 F.3d at 902. "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." Humes v. Gilless, 154 F. Supp. 2d 1353, 1357 (W.D. Tenn. 2001). "It is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986).

      B.      Official Capacity.

Lowe, Wiggins, and Washington contend that Willie Hester's claims against them under section 1983 in their official capacity are subsumed by the allegations against the City of Memphis.

Suits against police officers in their official capacity "are an alternative way of pleading an action against the entity for which the officers are employed." Dudley v. Eden, 49 F. Supp. 2d 581, 589 n.5 (N.D. Ohio 1999) (citing Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099 (1985)). Therefore, the Plaintiff's action against Lowe, Wiggins, and Washington in their official capacities is included within their claims against the City of Memphis. Id. As such, the official capacity claims against the individual Defendants are DISMISSED.

      C.      Individual Liability Under § 1983.

The Defendant officers also seek dismissal of Willie Hester's section 1983 claims against them in their individual capacities. They contend that the complaint fails to give them sufficient notice that they have been sued in that capacity.

An individual may be sued under section 1983 in either his official or individual capacity. Gean v. Hattaway, 330 F.3d 758, 765-67 (6th Cir. 2003). However, in Wells v. Brown, the Sixth

5

Circuit adopted the Eighth Circuit's interpretation of United States Supreme Court precedent and held that a section 1983 cause of action requires the plaintiff to

> set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not simply in their capacity as state officials.
> . . .
> . . . It is not too much to ask that if a person or entity is to be subject to suit, the person or entity should be properly named and clearly notified of the potential for payment of damages individually.

891 F.2d 591, 592 (6th Cir. 1989) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304 (1989)); accord Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989) (holding that in order to avoid dismissal, a section 1983 complaint must explicitly state a government official is being sued in his individual capacity).

Based upon the legal authorities cited and the fact that the Plaintiffs have not pled in the complaint that these officers are being sued in such capacity, the Defendants' motion to dismiss the section 1983 individual capacity claims is GRANTED.

D.   Municipal Liability Under § 1983.

Even assuming a constitutional violation has occurred, it does not necessarily follow that liability may properly be laid at the doorstep of the governmental entity. Local governments such as the City are considered "persons" for purposes of the second prong of the section 1983 showing. Holloway v. Brush, 220 F.3d 767, 772 (6th Cir. 2000). Nonetheless, cities are not "liable for every misdeed of their employees and agents." Alkire v. Irving, 330 F.3d 802, 814-15 (6th Cir. 2003) (quoting Garner v. Memphis Police Dep't, 8 F.3d 358, 363 (6th Cir. 1993)). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978). Instead, the

6

Supreme Court has held that "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 (1997) (citing Monell, 436 U.S. at 694, 98 S. Ct. at 2027; Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81, 106 S. Ct. 1292, 1298-99 (1986); and City of Canton, Ohio v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205 (1989)). "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Brown, 520 U.S. at 404, 117 S. Ct. at 1388 (citing Monell, 436 U.S. at 690-91, 98 S. Ct. at 2035-36).

> A "custom" for purposes of Monell liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" must include deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

Doe v. Claiborne County, Tenn., 103 F.3d 495, 507-08 (6th Cir. 1996) (internal quotation marks and citations omitted).

The Plaintiffs have alleged that the City of Memphis' "policy on the use of deadly force improperly requires training its officers to continue firing upon an individual as long as the individual is moving." (Compl. ¶ 18). They have also alleged that the City of Memphis "does not train its officers to handle mentally ill suspects" and that its "policy regarding the use of deadly force does not provide its officers with proper training on dealing with armed individuals in a crisis situation." (Compl. ¶ 17). Notwithstanding, the City of Memphis contends the Plaintiffs have failed to state a claim because (1) they have not specifically alleged that the Defendants were acting under

color of state law and (2) they have only stated conclusory allegations concerning the City of Memphis' improper policies, customs, or procedures.

In West v. Atkins, the Supreme Court stated that in order

> [t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. . . . The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.

487 U.S. 42, 49, 108 S. Ct. 2250, 2254-55 (1988) (internal citations and quotations omitted). The Court concludes that the Plaintiffs have sufficiently alleged that the Defendants were acting under color of state law by contending that they were employed as police officers by the City of Memphis. Thus, the City's motion to dismiss on this basis is DENIED.

In support of its contention that the complaint should be dismissed due to insufficient conclusory allegations, the City of Memphis cites Culberson v. Doan for the proposition that a plaintiff must adduce specific facts in support of his claim. 125 F. Supp. 2d 252, 263-64 (S.D. Ohio 2000). The Court notes, however, that Culberson involved a motion for summary judgment rather than one for failure to state a claim. Id. at 252. Because the standard of review differs greatly between a motion for summary judgment and a motion to dismiss, the Court concludes the Culberson language is not applicable to the instant motion. Compare Fed. R. Civ. P. 56, with Fed. R. Civ. P. 12(b)(6). While it is undoubtedly true that the Plaintiffs will have to present sufficient evidence against the City to withstand a motion for summary judgment or prevail at trial, the issue before this Court is simply whether the Plaintiffs could prove any set of facts in support of their claims that would entitle them to relief. See Grindstaff, 133 F.3d at 421. Further, the Plaintiffs are

not under a heightened pleading requirement such as is required of allegations involving fraud or mistake. See Fed. R. Civ. P. 9(b); Leatherman v. Tarrant County Narcotics, Intelligence & Coordination Unit, 507 U.S. 163, 168, 113 S. Ct. 1160, 1163 (stating "that it is impossible to square the 'heightened pleading standard' applied by the Fifth Circuit in this [section 1983] case with the liberal system of 'notice pleading' set up by the Federal Rules").

In this case, the Plaintiffs have alleged that the City of Memphis' policies were deficient and as a result of which, Hester was shot twenty-one times. As such, they have sufficiently pled a section 1983 municipal liability claim against this Defendant. See Conley, 355 U.S. at 47 ("The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."); accord Wittstock, 330 F.3d at 902. Thus, the City's motion to dismiss the Plaintiffs' section 1983 municipal liability claim is DENIED.

II.     State Law Claims/Outrageous Conduct

The Defendants contend that the Plaintiffs' state law claim for outrageous conduct must be dismissed under the Tennessee Governmental Tort Liability Act ("TGTLA"). See Tenn. Code Ann. § 29-20-101 et seq.

Tennessee Code Annotated section 29-20-205 provides,

> Immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment <u>except if the injury arises out of</u>:
>         . . .
> (2) false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, <u>infliction of mental anguish</u>, invasion of right of privacy, or civil rights[.]

(Emphasis added). Tennessee courts have held that "[i]ntentional infliction of emotional distress

9

and outrageous conduct are not two separate torts, but are simply different names for the same cause of action." Bain v. Wells, 936 S.W.2d 618, 622 n.3 (Tenn. 1997) (citing Moorhead v. J.C. Penney Co., 555 S.W.2d 713, 717 (Tenn. 1977)). The TGTLA operates in derogation of the common law doctrine of sovereign immunity. See, e.g., Crawley v. Hamilton County, 193 S.W.3d 453, 456 (Tenn. 2006). Therefore, a plaintiff can only maintain a suit against a municipality if such suit is authorized by the TGTLA. See Tenn. Code Ann. § 29-20-206. As such a claim is not lifted by the TGTLA from the sovereign immunity protection afforded to these Defendants, the Plaintiffs' claim based on outrageous conduct is DISMISSED.

### III. Punitive Damages

The City of Memphis further avers that the Plaintiffs' punitive damages claim against it must be dismissed. It has been generally held that section 1983 plaintiffs cannot recover punitive damages against a municipality. See Jefferson v. City of Tarrant, Ala., 522 U.S. 75, 79, 118 S. Ct. 481, 485 (1997) (citing Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748 (1981)); Chonich v. Wayne County Cmty. Coll., 973 F.2d 1271, 1274 n. 3 (6th Cir. 1992), cert. denied, 512 U.S. 1236, 114 S. Ct. 2740 (1994). Therefore, the Plaintiffs' claims for punitive damages are DISMISSED against this Defendant.

### CONCLUSION

Accordingly, for the reasons stated herein, the motion to dismiss of Defendants Lowe, Wiggins, and Washington in both their official and individual capacities is GRANTED. The City of Memphis' motion to dismiss based on its lack of municipal liability is DENIED, but its motion to dismiss the Plaintiffs' claims for outrageous conduct and punitive damages is GRANTED.

IT IS SO ORDERED this 5th day of March, 2007.

                                      s/  J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE