IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WILLIE HESTER, JR., by his
next friend and mother, JOYCE
D. HESTER, and JOYCE D.
HESTER,

    Plaintiffs,

v.                                No. 06-2407 - B

CITY OF MEMPHIS, MEMPHIS
POLICE OFFICER KENNETH LOWE,
MEMPHIS POLICE OFFICER BRODY
WIGGINS, MEMPHIS POLICE OFFICER
BENNY WASHINGTON, MEMPHIS
POLICE OFFICER P. HUTCHINSON,
COUNTY OF SHELBY, MARK LUTTRELL,
in his official capacity as Sheriff of Shelby
County and JOHN DOE 1-10,

    Defendants.

___

ORDER OF DISMISSAL AS TO DEFENDANT HUTCHISON
___

The Plaintiffs, Willie Hester, Jr. and Joyce Hester, brought this action against the Defendants, City of Memphis, Memphis Police Officers Kenneth Lowe, Brody Wiggins, Benny Washington, and P. Hutchison, Shelby County, and Shelby County Sheriff Mark Luttrell, alleging that they violated his civil rights by using excessive force and by denying him proper medical care. On February 23, 2007 Defendant Hutchison filed a motion to amend/correct the motion to dismiss for failure to state a claim and/or in the alternative for summary judgment. See Fed. R. Civ. P. 12(b)(6), 56. After the Plaintiffs failed to respond to the Defendant's motion, this Court on May 2, 2007, entered an order to show cause why their claims against this Defendant should not be

1

dismissed for failure to prosecute. In its order, the Court instructed the Plaintiffs to respond within eleven days of the entry thereof, admonishing them that failure to comply with the order could result in dismissal of their claims against Hutchison with prejudice. According to the Court's docket, the Plaintiffs failed to respond within the time specified by the Court.

Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868, 118 S. Ct. 178 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing

whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001).  Prior notice to the party that her failure to cooperate may result in dismissal is important to support the sanction.  Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiffs have failed to respond to both the Defendant's motion and the Court's show cause order.  Clearly, the necessity of monitoring a case that the Plaintiffs have dilatorily permitted to languish works some hardship on the Defendant.  In addition, the Plaintiffs were cautioned by the Court's order of May 2, 2007, concerning the ramifications of a failure to comply with the show cause order.  Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiffs' failure to prosecute this matter.  Based on the foregoing, the Plaintiffs' lawsuit against Defendant Hutchison is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 15th day of May, 2007.

                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE