IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WILLIE HESTER, JR., by his
next friend and mother, JOYCE
D. HESTER, AND JOYCE D.
HESTER,

      Plaintiffs,

v.                                                                                         No. 06-2407 B

CITY OF MEMPHIS, MEMPHIS
POLICE OFFICER KENNETH
LOWE, MEMPHIS POLICE
OFFICER BRODY WIGGINS,
MEMPHIS POLICE OFFICER
BENNY WASHINGTON, MEMPHIS
POLICE OFFICER P. HUTCHISON,
COUNTY OF SHELBY, MARK
LUTTRELL, in his official capacity as
Sheriff of Shelby County and JOHN
DOE 1-10,

      Defendants.

_____

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE
FOR SUMMARY JUDGMENT
_____

      The Plaintiffs, Willie Hester Jr., by his next friend and mother Joyce D. Hester and Joyce D. Hester, have sued the Defendants Shelby County, City of Memphis, Memphis Police Officers Kenneth Lowe, Brody Wiggins, Benny Washington, P. Hutchison, and Shelby County Sheriff Mark Luttrell, alleging that they violated Willie Hester's constitutional right to due process by using excessive force and by not providing him proper medical care.  The Plaintiffs also have brought claims under state law seeking, inter alia, punitive damages.  Before the Court is the motion to dismiss of Defendants

Shelby County and Sheriff Luttrell pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure. The Plaintiffs have responded and this motion is now appropriate for disposition. For the reasons set forth below, the motion to dismiss or in the alternative for summary judgment is GRANTED.

## BACKGROUND

The Plaintiffs have alleged the following in their complaint. Willie Hester Jr. is an adult resident of Memphis and has been diagnosed with various mental illnesses. (Compl. ¶ 1). On July 4, 2005, Hester was walking with a friend when Officer Lowe approached him and noticed the Plaintiff "had a handgun in his belt." (Compl. ¶ 13). Lowe ordered Hester to "lie down on the ground," but he did not comply, prompting Lowe to call for back-up. (Id.). During the ensuing standoff, Hester at some point, pointed the gun at his own head before returning it to his waistband. (Compl. ¶ 14). Immediately before he was shot, Hester acted agitated with his hands raised "in the air," but, at that point, he was not holding the gun. (Compl. ¶ 16). According to the Plaintiffs, Defendants Lowe, Wiggins, and Washington then shot Hester a total of twenty-one times. (Id.).

As a result of the shooting, Hester spent three months in the hospital. (Compl. ¶ 19). Thereafter, he was transferred to the Shelby County Jail for detention pending trial. (Compl. ¶ 21). Hester contends that "while in jail awaiting trial, [he] was not given his prescribed medications by the deputy jailers, or any of the jail's staff." (Id.). The Plaintiff further alleges that Shelby County substituted generic medications for those prescribed him by his physician, claiming his jailers gave him "other medications that were less potent, contained other ingredients, and caused other side effects." (Compl. ¶¶ 22-23). Based on this substitution of medications, Hester claims his health began to deteriorate. (Compl. ¶ 21).

In support of their motion for summary judgment, the Defendants submitted a statement of undisputed material facts. The Plaintiffs have failed to contest any of these facts, and as such, the Court deems them to have been admitted for the purpose of this motion.[1] Therefore, the following facts are not in dispute.

According to the undisputed facts, Shelby County, Tennessee does not provide medical care to inmates; rather, it contracts with medical providers to do so. (Defs.' Statement of Material Facts in Supp. Mot. Summ. J. ¶¶ 1-2) ("Defs.' Facts"). Concerning Hester's case, no Shelby County employee undertook to provide medical care to the Plaintiff and no employee of the Defendant substituted Hester's medication for a generic or less expensive name brand. (Defs.' Facts ¶¶ 3, 4). Finally, Shelby County does not have a policy of substituting prescribed medications for generic or less expensive brands. (Defs.' Facts ¶ 5).

---

[1]Local Rule 7.2 provides

> the opponent of a motion for summary judgment who disputes any of the material facts upon which the proponent has relied pursuant to subsection (2) above shall respond to the proponent's numbered designations, using the corresponding serial numbering, both in response and by affixing to the response copies of the precise portions of the record relied upon to evidence the opponent's contention that the proponent's designated material facts are at issue.

L.R. 7.2(d)(3) (emphasis added), Local Rules of the U.S. Dist. Court for the W.D. Tenn ("Local Rules"); see Featherston v. Charms Co., No. 04-2157M1/P, 2005 WL 1364621, at *1 n.1 (W.D. Tenn. May 10, 2005) (deeming moving party's statement of undisputed material facts as admitted where non-moving party responded to movant's statement of undisputed material facts by submitting "a two page narrative 'Facts' section, in which [the non-moving party] did not dispute the facts in [movant's] statement of undisputed facts").

STANDARD OF REVIEW

Rule 12(b)(6) permits dismissal of a lawsuit for failure to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6). The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). "The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). However, "[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003).

> Additionally, Rule 56( c) provides that a
>
> > judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Canderm Pharmacal, Ltd. v. Elder Pharms., Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324, 106 S. Ct. at 2552. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." Matsushita Elec.

Indus. Co., 475 U.S. at 586, 106 S. Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552. In this circuit, "this requires the nonmoving party to 'put up or shut up' [on] the critical issues of [his] asserted causes of action." Lord v. Saratoga Capital, Inc., 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989)). Finally, the "judge may not make credibility determinations or weigh the evidence." Adams v. Metiva, 31 F.3d 375, 379 (6th Cir. 1994).

## ANALYSIS

Shelby County insists that no material facts are in dispute and that it is entitled to summary judgment on the Plaintiffs' federal and state law claims against it. Sheriff Luttrell contends that he is entitled to dismissal because a suit against him in his official capacity is the same as a suit against the county.

A.  Federal Claims.

    1.  Section 1983 Generally.

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. In order to prevail on such a claim, a section 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of

state law." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003). "Section 1983 is not the source of any substantive right, but merely provides a method for vindicating federal rights elsewhere conferred." Humes v. Gilless, 154 F. Supp. 2d 1353, 1357 (W.D. Tenn. 2001).

2. Municipal Liability Under § 1983.

Even assuming a constitutional violation has occurred, it does not necessarily follow that liability may properly be laid at the doorstep of the governmental entity.

Local governments such as Shelby County are considered "persons" for purposes of the second prong of the section 1983 showing. See Holloway v. Brush, 220 F.3d 767, 772 (6th Cir. 2000). Nonetheless, counties are not "liable for every misdeed of their employees and agents." Alkire v. Irving, 330 F.3d 802, 814-15 (6th Cir. 2003) (quoting Garner v. Memphis Police Dep't, 8 F.3d 358, 363 (6th Cir. 1993)). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. N.Y. City Dep't of Soc. Serv., 436 U.S. 658, 694, 98 S. Ct. 2018, 2037 (1978). Instead, the Supreme Court has held that "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 (1997) (citing Monell, 436 U.S. at 694, 98 S. Ct. at 2027; Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81, 106 S. Ct. 1292, 1298-99 (1986); and City of Canton, Ohio v. Harris, 489 U.S. 378, 389, 109 S. Ct. 1197, 1205 (1989)). "[A]n act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." Brown, 520 U.S. at 404, 117 S. Ct. at 1388 (citing Monell, 436 U.S. at 690-91, 98 S. Ct. at 2035-36).

> A "custom" for purposes of Monell liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" must include deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

Doe v. Claiborne County, Tenn., 103 F.3d 495, 507-08 (6th Cir. 1996) (internal quotation marks and citations omitted). A plaintiff must, in order to show a custom or policy, adduce specific facts in support of his claim. Conclusory allegations will not lie. Culberson v. Doan, 125 F. Supp. 2d 252, 263-64 (S.D. Ohio 2000).

It is not enough for a section 1983 plaintiff to identify conduct attributable to a municipality. Rather,

> [t]he plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

Brown, 520 U.S. at 404, 117 S. Ct. at 1388. "[A] showing of simple or even heightened negligence will not suffice." Culberson, 125 F. Supp. 2d at 263 (emphasis added). Thus, to recover, a plaintiff

> must show that his civil rights were violated pursuant to and as a direct result of the [municipality's] official policy or custom. The burden in this regard requires a showing that the unconstitutional policy or custom existed, that the policy or custom was connected to the [municipality], and that the policy or custom caused his constitutional violation.

Napier v. Madison County, Ky., 238 F.3d 739, 743 (6th Cir. 2001) (internal citations omitted). In a case alleging failure to train, a plaintiff must establish that the municipality's failure "in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." Ferguson v. Leiter, 220

7

F. Supp. 2d 875, 884 (N.D. Ohio 2002) (quoting Canton, 489 U.S. at 389, 109 S. Ct. 1197); Humes, 154 F. Supp. 2d at 1363.

        3.        Deliberate Indifference to Hester's Medical Needs.

The Plaintiffs' claims arise from the Eighth Amendment's requirement that state officials provide for the "serious medical needs" of prisoners. Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285 (1976). An Eighth Amendment violation giving rise to a section 1983 action occurs when prison officials act with deliberate indifference to a prisoner's "serious medical needs." Id.; see also Napier v. Madison County, 238 F.3d 739, 742 (6th Cir. 2001). However, because the Plaintiff was a pretrial detainee, the Eighth Amendment does not apply to the facts of this case. In its stead, the Fourteenth Amendment affords detainees rights which are "analogous" to those of prisoners and thus control the claims of Hester. Watkins v. City of Battle Creek, 273 F.3d 682, 685-86 (6th Cir. 2001).

In order to sustain an action for deliberate indifference to a detainee's serious medical needs, a plaintiff must satisfy two prongs: one objective, one subjective . See Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). "To satisfy the objective component, the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001) (citing and quoting Farmer, 511 U.S. at 834, 114 S. Ct. 1970). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Id. (citing Farmer, 511 U.S. at 837, 114 S. Ct. 1970). This requires the official's knowledge to fall somewhere above negligence but below knowing on the mens rea scale. See, e.g., id. at 703 (stating that an official's failure to act on a "significant risk that *he should have perceived but did not*" does not give rise to a section 1983 claim); accord Watkins, 273 F.3d at 686 ("If an officer fails to act in the face of an obvious risk of which he

should have known <u>but did not</u>, the officer has not violated the Eighth or Fourteenth Amendments.") (emphasis added).  However, a defendant will be liable under section 1983 if "'he merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist.'" <u>Comstock</u>, 273 F.3d at 703 (quoting <u>Farmer</u>, 511 U.S. at 843 n.8, 114 S. Ct. 1970).

    4.    <u>Claims Against Sheriff Luttrell</u>

Sheriff Luttrell contends the Plaintiffs' claims against him in his official capacity are the same as the Plaintiffs' claims against Shelby County.

Suits against public officers in their official capacity "are an alternative way of pleading an action against the entity for which the officers are employed." <u>Dudley v. Eden</u>, 49 F. Supp. 2d 581, 589 n.5 (N.D. Ohio 1999) (citing <u>Kentucky v. Graham</u>, 473 U.S. 159, 165, 105 S. Ct. 3099 (1985)). Therefore, the Plaintiffs' action against this Defendant in his official capacity is included within their claims against Shelby County. <u>Id.</u>  Therefore, the official capacity claims against Sheriff Luttrell are DISMISSED.

    5.    <u>Claims Against Shelby County</u>

Shelby County contends that no material facts exist supporting the Plaintiffs' allegations against it.  It claims it is entitled to judgment as a matter of law based on the uncontested facts that it did not (1) provide Hester medical care, (2) substitute generic or less expensive medications for those prescribed by his doctor, and/or (3) have any custom or policy of substituting medications prescribed by treating physicians.

It is undisputed that no Shelby County employee provided Hester medical care or substituted generic or less expensive medications for those prescribed by his physician.  It is also uncontroverted that Shelby County has no policy, custom, or procedure of substituting medications.  Therefore, under

9

the foregoing standards, the Plaintiffs' section 1983 claims against Shelby County must succumb to summary judgment. Celotex, 477 U.S. at 324, 106 S. Ct. at 2552.

      6.     State law claims.

Having disposed of the Plaintiffs' claims under federal law against Shelby County, the Court now turns to their state law claims against this Defendant. The exercise by a district court of supplemental, or pendent, jurisdiction over state law claims is governed by title 28 section 1367 of the United States Code, which expressly permits the Court to decline the exercise of jurisdiction when it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3). Absent any remaining federal claims against Shelby County, in its sound discretion, the Court hereby dismisses without prejudice the Plaintiffs' claims against this Defendant under state law. See Weeks v. Portage County Executive Offices, 235 F.3d 275, 279-80 (6th Cir. 2000) (stating that a district court's decision to decline to exercise supplemental jurisdiction lies within its sound discretion).

## CONCLUSION

Based on the foregoing, the Plaintiffs' claims against Sheriff Luttrell in his official capacity are DISMISSED; Shelby County's motion for summary judgment is GRANTED with respect to the section 1983 claims; and the remaining state law claims against it are DISMISSED without prejudice.

**IT IS SO ORDERED** this 21th day of September, 2007.

                              s/ J. DANIEL BREEN
                              UNITED STATES DISTRICT JUDGE